**INTERFIRST BANK DALLAS, N.A.,
n/k/a First Republicbank Dallas,
N.A., Appellant,**

v.

**PIONEER CONCRETE OF TEXAS,
INC., Appellee.**

No. 05–88–00017–CV.

Court of Appeals of Texas,
Dallas.

Dec. 9, 1988.

Nathan Allen, Jr., Laura L. Worsham, Dallas, for appellant.

Pamela Doss, Leigh B. Meineke, Mark L. Sax, Houston, for appellee.

Before STEPHENS, STEWART and ROWE, JJ.

ROWE, Justice.

This appeal presents the narrow question of whether the good faith and commercial reasonableness defense afforded to a "representative" under section 3.419 of the Texas Business and Commerce Code (the Code) [1] is available to a payor/drawee bank when sued for conversion by the payee of an instrument which bears the payee's forged endorsement. Admittedly, the question is one of first impression in Texas; and indeed, with one possible exception, no jurisdiction governed by a similar code provision has ever before squarely addressed this issue. For reasons given below, we conclude that the defense is not available to a payor/drawee bank and affirm the trial court's judgment.

None of the material findings of fact made by the trial judge as set forth below are contested on appeal:

1. On or about March 8, 1985, BWW–1 Joint Venture issued a check drawn on Interfirst Bank Dallas, N.A., payable to the order of "Adrian Const. Co., Phillips Concrete Con. and Pioneer Concrete" for the principal amount of twenty-one thousand, three hundred seventy-eight dollars and eighty-eight cents ($21,378.88).

2. On or about March 21, 1985, BWW–1 Joint Venture issued a check drawn on Interfirst Bank Dallas, N.A. payable to the order of "Adrian Constr. Co., Phillips Construction and Pioneer Concrete" for the principal amount of twelve thousand two hundred seventeen dollars and sixty-four cents ($12,217.64).

---

1. § 3.419. Conversion of Instrument; Innocent Representative.
   (a) An instrument is converted when ...
      (3) it is paid on a forged indorsement.
        *   *   *   *   *   *
   (c) Subject to the provisions of this title concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands. TEX.BUS. & COM.CODE ANN. (Tex. U.C.C.). (Vernon 1968).

3. The endorsement of payee Pioneer Concrete of Texas, Inc. was forged on each of these checks.

5. ... Interfirst Bank Dallas, N.A. paid the checks in question in good faith and in accordance with reasonable commercial standards.

7. ... Interfirst Bank Dallas, N.A. (is) liable to Pioneer Concrete of Texas for the face amount of each check paid over the forged endorsement of Pioneer Concrete of Texas, Inc.

The conclusions of law made by the trial judge as set forth below *are* contested on appeal:

3. A drawee bank [payor bank][2] is not a "representative" within the definition of Section 3–419(c) of Texas Business and Commerce Code.

4. The drawee bank, Interfirst Bank Dallas, N.A., is not entitled to assert the defense to payment upon a forged endorsement of payment in good faith and in accordance with reasonable commercial standards provided for in Section 3.419(c) of Texas Business and Commerce Code.

6. ... Interfirst Bank Dallas, N.A. is indebted to Pioneer Concrete of Texas, Inc. in the principal amount of thirty-three thousand five hundred ninety-six dollars and fifty-two cents ($33,596.52) plus prejudgment interest and costs of court.

So far as we can determine, the precise question at issue has been decided only by the U.S. District Court for the Eastern District of New York. *United States v. Bankers Trust Co.*, 17 U.C.C.Rep.Serv. 136 (E.D.N.Y.1975). That opinion curtly dismissed the payor/drawee bank's contention that it was entitled to the good faith and commercial reasonableness defense with the comment that "its application to the drawee bank would emasculate the conversion liability." *Bankers Trust Co.*, 17 U.C. C.Rep.Serv. at 141. We have no quarrel with such a summary disposition. Several commentaries[3] and other related cases on appeal,[4] *i.e.*, proceedings between parties to an instrument other than the payee and between banks in the collection process other than payor banks, invariably agree but without giving any cogent reason that, if the defense is available at all, it is available only to depositary and collecting banks; the right of conversion against a payor/drawee bank is insulated from the defense. Some of these authorities speculate that the failure of the drafters of the Code to specify "drawee" banks as well as "depositary" and "collecting" banks among those subsumed within the term "representative" in subsection (c) was a purposeful omission, not an inadvertent one.

We are constrained to adopt the same position as that already so uniformly advocated. Our process of adoption takes a functional approach. Section 3.419(a)(3) makes clear, for the first time by statute, that the act of payment by the payor/drawee bank is an act of conversion against the payee's property when the payor/drawee bank ignores a forgery of the payee's endorsement. *See* TEX.BUS. & COM.CODE ANN. § 3.419, comment 3 (Tex.U.C.C.) (Vernon 1968). At common law, conversion is an act of malfeasance as

---

2. By common commercial practice, the terms "drawee bank" and "payor bank" are used interchangeably, since a check is normally drawn on the same bank where it is payable. Nonetheless, for purposes of clarity, we use the combined term "payor/drawee bank" throughout this opinion.

3. H. Bailey, *The Law of Bank Checks* § 15.14 (4th ed. 1969);

B. Clark & A. Squillante, *The Law of Bank Deposits, Collections, and Credit Cards*, 141–47 (1st ed. 1970);

4 W. Hawkland, *Uniform Commercial Code Series* 802–804 (1984);

2 A. Squillante & J. Fonseca, *The Law of Modern Commercial Practices* § 5:47 (Rev. ed. 1981);

J. White and R. Summers, *Uniform Commercial Code* § 15–5 (3d ed. 1988).

4. *Clark v. Griffin*, 41 U.C.C.Rep.Serv. 876, 880–81, 481 N.E.2d 170, 173 (Ind.Ct.App.1985); *Hydroflo Corp. v. First Nat'l Bank of Omaha*, 38 U.C.C.Rep.Serv. 932, 934–36, 217 Neb. 20, 349 N.W.2d 615 (1984); *Equipment Distrib., Inc. v. Charter Oil Bank & Trust Co.*, 20 U.C.C.Rep. Serv. 1231 (Conn.Super.Ct.1977); *Grieshaber v. Michigan Nat'l Bank*, 18 U.C.C.Rep.Serv. 1248, 1252 (Mich.C.P.1976); *Cooper v. Union Bank*, 120 U.C.C.Rep.Serv. 209, 224 (Cal.1973).

to which a unilateral mistake made in good faith is no defense. *American Petrofina, Inc. v. PPG Indus., Inc.,* 679 S.W.2d 740, 759 (Tex.App.—Fort Worth 1984, writ dism'd by agr.); *Ligon v. E.F. Hutton & Co.,* 428 S.W.2d 434, 438 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.). Consequently, the good faith and commercial reasonableness defense authorized under subsection (c) is a novel one. Because of this exceptional aspect, we must be wary of attributing to the drafters of the Code an intention to grant to a payor/drawee bank, newly designated as the primary converter in the bank collection process, the same newly created defense as is afforded to certain other specified banks. To do so would indeed emasculate the conversion right just confirmed. It follows that a relief provision for all converters should not be read into the section if the defense portion can reasonably be limited to a class of converters which does not include payor/drawee banks.

The key to a limited application of the defense lies in the Code's definition of "representative" which makes that term co-extensive with an agency relationship.[5] By confining this relationship to an agency affiliation between the true owner of the instrument being dealt with and that owner's "representative" banks, the conversion right of that owner against the payor/drawee bank can be meaningfully protected. This interpretation is permitted by the Code provision which excludes a payor bank from the term "collecting bank." TEX.BUS. & COM.CODE ANN. § 4.105(4) (Tex.U.C.C.) (Vernon 1968). This exclusion is attributable to the fact that, in paying an item, a payor bank acts not as a collecting agent for the owner of the item but rather acts in its own behalf under its contractual agreement with its depositor.

On this basis, the payor/drawee bank does not qualify as a "representative" of the owner. Accordingly, the trial court properly ruled that as a matter of law a payor/drawee bank is not entitled to assert the defense of good faith and commercial reasonableness afforded to a representative under section 3.419(c). We overrule the sole point of error and affirm the trial court's judgment.

---

5.  § 1.201. General Definitions. (35) "Representative" includes an agent, an officer of a corporation or association, and a trustee, executor or administrator of an estate, or any other person empowered to act for another. TEX. BUS. & COM.CODE ANN. (Tex.U.C.C.) (Vernon 1968).